UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :       Chapter 11
                                                   :
HOWARD J. CHALFIN,                                 :       Case No. 17-11588 (MEW)
                                                   :
                        Debtor.                    :
-------------------------------------------------------------x
SCOTT BARBARINO,                                   :
                                                   :
                        Plaintiff,                 :
                                                   :
    v.                                             :       Adv. Pro. No. 17-01122 (MEW)
                                                   :
HOWARD J. CHALFIN,                                 :
                                                   :
                        Defendant.                 :
-------------------------------------------------------------:

**BENCH DECISION REGARDING DEFENDANT'S MOTION TO
DISMISS AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

A P P E A R A N C E S :

**HOWARD CHALFIN**, *pro se*
Debtor-defendant
2211 Broadway, Suite 12
New York, New York

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
Counsel to Plaintiff
30 Wall Street, 12th Floor
New York, New York 10005
    By: Gabriel Del Virginia, Esq.

**MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE**

Before the Court are two motions that arise out of an adversary proceeding in the chapter

7 case of the debtor, Howard Chalfin. The adversary proceeding has been commenced by Scott

Barbarino. Mr. Barbarino seeks a ruling that a debt owed to him by Mr. Chalfin is not

dischargeable. The debt in question is a judgment entered by the New York state court. The

state court awarded damages to Mr. Barbarino after finding that Mr. Chalfin had struck him during a dispute.

Mr. Barbarino claims that the debt is based on a willful and malicious injury to his person and, therefore, is not dischargeable. *See* 11 U.S.C. § 523(a)(6). Mr. Chalfin disputes this contention. He denies that he acted willfully or maliciously. He also points to a finding by the state court to the effect that his assault on Mr. Barbarino was not premeditated, and argues that this was a finding that he did not act willfully or maliciously.

Mr. Chalfin has moved to dismiss the action. In response, Mr. Barbarino has moved for summary judgment. Mr. Barbarino contends that findings made by the state court are binding and that they demonstrate that the conduct was willful and malicious.

Since both parties rely on the state court's findings, it is appropriate to turn first to the state court's decision, which was issued on March 1, 2016.

The state court made certain factual findings which are binding upon me to the extent they were based on actual litigation and were necessary to the state court's decision. *See Arizona v. California*, 530 U.S. 392, 414 (2000); *Zimmerman v. Tower Ins. Co. of N.Y.*, 788 N.Y.S.2d 309, 210 (App. Div. 2004). I have no question – having heard him this morning – that Mr. Chalfin disputes the accuracy of these findings. However, they are binding on me, and I must accept them as true.

The state court found that Mr. Chalfin was the "aggressor" and that he was "not justified" in giving Mr. Barbarino, as he put it, the old "one-two." He found that Mr. Chalfin seemed like a nice guy, but certainly was a bit hot-tempered. He found that "the overall weight of the evidence" was that Mr. Chalfin was "angry that he was being asked to pay for his food and drink tab" and that he "leaped up, knocked over the table and jumped over them at the same time,"

2

pulling Mr. Barbarino by the tie. He noted that Mr. Chalfin "admitted to punching." He concluded that Mr. Chalfin was guilty under state law of the tort of assault.

The state court noted certain injuries that Mr. Barbarino had suffered to his eye, and emotional distress that he had incurred, and held that Mr. Barbarino was entitled to $90,000 in compensatory damages. As to the claim for punitive damages, the judge in the state court stated that "I do not like physical violence" and that this was a case where "it shouldn't have been inflicted." However, he also noted that "it was in the context of a dispute" and "it was not premeditated." Based on these factors, the judge awarded $5,000 in punitive damages. In the conclusion to the opinion, the state court held that Mr. Chalfin "tortiously assaulted Mr. Barbarino," and awarded $90,000 in compensatory damages and $5,000 in punitive damages.

The issue before me, in this case, is whether these findings are conclusive as to the dischargeability action. There is no question that the judgment represents a debt that Mr. Chalfin owes to Mr. Barbarino. There is also no question that the debt is based on the assault that Mr. Chalfin has been found to have committed against Mr. Barbarino. The question is whether the debt is based on a willful and malicious infliction of an injury, so as to be excepted from discharge under section 523(a)(6) of the Bankruptcy Code.

As to the motion to dismiss: I find that, clearly, the complaint states a cause of action. It refers to the state court findings and alleges sufficiently that the actions that gave rise to the debt involved a willful and malicious infliction of injury.

As to whether the state court's findings show that the injury was inflicted willfully and maliciously, I will start first with the requirement that the injury be inflicted willfully. There is no question that the state court necessarily found that Mr. Chalfin's conduct was deliberate and intentional, and therefore that the conduct itself was willful. The state court found that Mr.

3

Chalfin was guilty of assault. Under New York state law, assault is an intentional tort. *See* 6A New York Jur. 2d, *Assault – Civil Aspects*, § 4. It cannot be committed accidentally. So, in finding Mr. Chalfin guilty of assault, the state court necessarily had to find that he struck Mr. Barbarino intentionally.

The fact that underlying conduct is intentional, however, does not end the inquiry. For purposes of section 523(a)(6) it is not enough to show that the underlying conduct was willful. Instead, section 523(a)(6) requires that an injury was willfully and deliberately inflicted. That is what the Supreme Court held in the case that Mr. Chalfin cited, *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). For purposes of section 523(a)(6) there must be an intent to injure, not just an intent to commit the act.

Under New York law, an assault and battery occurs when a person intentionally makes unjustified physical contact with another person. There are some New York cases that at times suggest otherwise, but it appears more widely to be accepted that in establishing a claim for assault under New York law, it is not necessary to prove that the wrongdoer intended to cause injury. *See, e.g., Masters v. Becker*, 22 A.D.2d 118, 120 (App. Div. 1964). If a person intentionally makes offensive, unjustified bodily contact with another person even without an intent to do harm, and if injury unintentionally results from that contact – such as a shove – the person may be guilty of assault under New York law.

Accordingly, the mere characterization of Mr. Chalfin's conduct as an assault for purposes of New York law shows that he acted deliberately, but it does not necessarily show that he intended to inflict injury. The problem, though, is that this is not a case where Mr. Chalfin was found to have pushed Mr. Barbarino, or otherwise made contact that produced an unexpected consequence. The state court found that Mr. Chalfin leaped across the table, pulled

4

on Mr. Barbarino's tie and punched him in the head, damaging his eye and leaving him with some psychological stress.

In order to show a willful injury under section 523(a)(6), Mr. Barbarino must show either that Mr. Chalfin deliberately intended to cause the injury or that, based on Mr. Chalfin's conduct, there was a subjective, substantial certainty that the injury would occur. *Hough v. Margulies (In re Margulies)*, 517 B.R. 441, 452 (S.D.N.Y. 2014). If the debtor knows that the consequences are certain, or substantially certain, to result from his conduct, the debtor is treated as if he had, in fact, desired to produce those consequences. *Van Daele Bros., Inc. v. Thoms (In re Thoms)*, 505 Fed.Appx. 603, 605 (8th Cir.2013) (summary order).

Mr. Chalfin has not argued today that he somehow thought his punch would have no effect, or that he intended to make a punch that would have no effect, or that he was surprised that landing a punch would actually hurt somebody. To the contrary: he has described himself as an experienced fighter who had to know, as a result, that a punch could and would inflict injury. Maybe he thought he was at a disadvantage in dealing with Mr. Barbarino, but certainly he knew that punching somebody was not going to be ineffective and without consequence. It would be surprising for somebody to say that punching somebody in the head is something you would do thinking it would have no effect.

I think what Mr. Chalfin wants to argue is that he felt threatened and that he was justified in making the punch. But I am precluded from finding that, because the state court explicitly found that Mr. Chalfin was not justified in punching Mr. Barbarino. So all I am left to look at is whether the injury was willfully inflicted. In Mr. Chalfin's own explanation he felt threatened and felt he had to do something that would make Mr. Barbarino back off. Everything about his own description of the events, not so much his motivations or what prompted them or the alleged

5

justifications but his description of the events, shows that he did intend to inflict harm. He did intend to make Mr. Barbarino back off and to do so by striking him. It is implicit in the fact that you punch somebody in the head that you intend to cause them damage or intend to hurt them.

Now, whether Mr. Chalfin is right or wrong in arguing that he was justified in doing it, or that he felt trapped, is out of my hands. I hope Mr. Chalfin understands that. The only issue for me is whether there is any room to argue that when Mr. Chalfin punched Mr. Barbarino without justification, as the state court found, that somehow he did not intend to hurt him. Based on Mr. Chalfin's own explanations, it does not seem that there is any legitimate room to argue that he did not mean to hurt Mr. Barbarino.

As to maliciousness: the courts have struggled to define exactly what that ought to mean as the term is used in section 523(a)(6) of the Bankruptcy Code. The prevailing Black's Law Dictionary definition is that an action is malicious if it is without legal justification. BLACK'S LAW DICTIONARY (10th ed. 2014). The courts have sometimes required something a little extra when the deliberate action is not an intentional tort, but is instead a breach of contract or a breach of a statutory obligation. *In re Orly*, No. 15-11650(JLG), 2016 WL 4376947, at *6 (Bankr. S.D.N.Y. Aug. 10, 2016). But in this case we have an intentional tort. We also have something extra in the underlying conduct, or else the state court judge could not have awarded punitive damages. *See* 6A New York Jur. 2d, *Assault – Civil Aspects*, § 27 (noting that punitive damages require "actual malice" on the part of the defendant or "such wantonness or recklessness as to imply or permit the inference of malice").

I think as a result that the state court did decide every issue that is relevant here except, in theory, the question of whether the deliberately and maliciously inflicted punch was deliberately and maliciously intended to cause injury. However, I just do not see any room for Mr. Chalfin to

6

be able to argue that he did not intend to inflict injury, because the only arguments he has made are based on alleged justifications or other challenges to the facts that the state court has already decided against him.

Under the circumstances, given what the state court decided and given Mr. Chalfin's explanations and his argument today, summary judgment is appropriate. An order will be entered to this effect.

Dated:  New York, New York
July 9, 2018

/s/ **Michael E. Wiles**
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE